UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JONATHAN DAVID SMITH,

    Petitioner,

vs.

BRIAN WILLIAMS, et al.,

    Respondents.

Case No. 2:10-CV-01413-JCM-(VCF)

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1) and respondents' answer (#10). The court finds that petitioner is not entitled to relief, and the court denies the petition.

In state district court, petitioner agreed to plead guilty to one count of burglary and to be released from custody between the arraignment and the sentencing. He also agreed to be treated as a habitual criminal pursuant to Nev. Rev. Stat. § 207.010(1). Petitioner had two options for sentencing. If he appeared at the scheduled sentencing hearing, then he would be imprisoned for a minimum term of 5 years and a maximum term of 12 ½ years. If he did not appear at the scheduled sentencing hearing, then upon his arrest he would be imprisoned for a minimum term of 8 years and a maximum term of 20 years. Ex. 5.[1]

Petitioner chose the second option. The state district court sentenced him accordingly. Ex. 8. Petitioner did not appeal.

---

[1] All exhibits are attached to the answer (#10).

Petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 9. The state district court conducted an evidentiary hearing. Ex. 18. It then denied the petition Ex. 20. Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 21.

Petitioner then commenced this action. Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

Petitioner's sole ground for relief contains two claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel <u>per se</u>, but rather a fair proceeding with a reliable outcome. See <u>Strickland</u>, 466 U.S. at 691-92. See also <u>Jennings v. Woodford</u>, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. <u>Strickland</u>, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

> Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard.

<u>Richter</u>, 131 S. Ct. at 788 (citations omitted).

First, petitioner claims that counsel failed to object to the adjudication of petitioner as a habitual criminal, based upon the lack of an amended information that included a count of habitual criminality. On this issue, the Nevada Supreme Court held:

> Second, appellant claimed that counsel was ineffective for failing to object to his being sentenced as a habitual criminal based on the State's failure to file the requisite allegation of habitual criminality pursuant to NRS 207.016(2). Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. In <u>Grey v. State</u>, this court concluded that the district court's authority to impose a habitual criminal sentence is "clearly premis[ed] . . . on the State's filing of an allegation of habitual criminality" pursuant to NRS 207.016(2), regardless of whether a defendant disputes his status as a habitual criminal. 124 Nev. 110, ___, 178 P.3d 154, 163-64 (2008); see also <u>Hodges v. State</u>, 119 Nev. 479, 78 P.3d 67 (2003).
>
> However, despite appellant's allegations, we conclude that in this case, appellant received sufficient notice of the State's intent to seek treatment as a habitual criminal. Counsel for appellant, in appellant's presence, indicated at the waiver of preliminary hearing that appellant intended to enter a guilty plea to one count of burglary, and that he would stipulate to treatment as a small habitual criminal. When questioned by the district court, appellant indicated that he had discussed this deal with his attorney, and wished to accept it. The guilty plea agreement, signed by appellant and filed in the district court, indicated that appellant stipulated to treatment under the small habitual criminal statute. The presentence investigation report indicated that appellant had been convicted of two prior felonies and

-4-

> listed possible sentence terms under the small habitual criminal statute. Pursuant to NRS 207.010(1)(a), the State properly admitted two prior judgments of conviction into the record at sentencing. Therefore, we conclude that appellant received appropriate notice of the State's intent to seek treatment as a small habitual criminal, and that counsel was not deficient for failing to object at sentencing under the circumstances in this case. Therefore, the district court did not err in denying this claim.

Ex. 21, at 2-3. The record before this court bears out the holding of the Nevada Supreme Court. Ex. 3, at 3-4 (waiver of preliminary hearing); Ex. 5, at 1-2 (guilty plea agreement); Ex. 6, at 6-10 (arraignment). It is unclear what petitioner could have hoped to achieve had counsel objected under these circumstances. Petitioner could not have claimed that treatment as a habitual criminal surprised him, because such treatment and the stipulated possible sentences were parts of the plea negotiations from the start. To the extent that something needed to be filed in the state district court, the written plea agreement notified petitioner about the treatment as a habitual criminal, and it was filed. If counsel objected to the lack of an amended information with a habitual-criminal count or a formally titled notice of intent to seek habitual-criminal treatment, the best result that counsel would have achieved was a continuance of the sentencing hearing while the prosecution filed the required document and the parties waited the required time. See Nev. Rev. Stat. § 207.016(2). Then, the state district court would have imposed the same sentence that it actually imposed, required by petitioner's failure to appear for his first scheduled sentencing hearing. In short, petitioner suffered no prejudice from the lack of an objection. The Nevada Supreme Court reasonably applied Strickland.

Second, petitioner claims that counsel failed to notify petitioner of his right to appeal. Counsel has an obligation to file a notice of appeal upon instruction by a defendant. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Counsel needs to consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. On this issue, the Nevada Supreme Court held:

> First, appellant claimed that counsel was ineffective for refusing to file a direct appeal. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. "[A]n attorney has a duty to perfect an appeal when a convicted defendant expresses a desire to

1  appeal or indicates dissatisfaction with a conviction." Lozada v. State, 110 Nev. 349, 354, 871 P.2d 944, 947 (1994); see Davis v. State, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999). "The burden is on the client to indicate to his attorney that he wishes to pursue an appeal." Davis, 115 Nev. at 20, 974 P.23d at 660. At the evidentiary hearing, counsel testified that appellant did not ask him to file a direct appeal, and the district court found this testimony to be credible. Substantial evidence supports the district court's finding that appellant did not request a direct appeal. See Riley v. State, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994). Therefore, the district court did not err in denying this claim.

Ex. 21, at 2. Counsel testified that he never received any telephone call, written letter, or other form of communication from petitioner indicating that petitioner wanted to appeal the judgment of conviction. Ex. 18, at 10. Therefore, the state courts' findings are reasonable in light of the evidence presented. Counsel also noted that there were no issues to reserve for appeal, that petitioner understood the plea agreement, and that petitioner was sentenced in accordance with the plea agreement. Id., at 11. There was no reason for counsel to think that a rational defendant in petitioner's position would want to appeal. See Flores-Ortega, 528 U.S. at 480. The Nevada Supreme Court reasonably applied Strickland.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#1) is **DENIED**. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED:  October 3, 2012.

JAMES C. MAHAN
United States District Judge